**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AYLA ERLER,

        Plaintiff-Appellant,

v.

YASHAR ERLER,

        Defendant-Appellee.

No.   18-16703

D.C. No. 3:12-cv-02793-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted February 4, 2020[**]
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and JACK,[***] District Judge.

Ayla Erler, a citizen of Turkey, appeals the district court's decision to reduce

the amount of the support payment her former husband, Yashar Erler, must pay her

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

pursuant to the I-864 Affidavit of Support, which he signed to sponsor her admission into the United States as part of her immigration process. The district court determined Yashar Erler must provide support necessary to maintain Ayla Erler at an income of at least 125 percent of the Federal Poverty Guidelines for her one-person household. *See* 8 U.S.C. § 1183a(a)(1); 8 U.S.C. § 1182(a)(4)(C)(ii); 8 C.F.R. § 213a.2. The district court decided that both the value of Ayla Erler's Turkish pension and the value of the food stamps she received from the State of California, after the couple separated, qualify as income to her and reduce the amount Yashar Erler must pay to maintain her income of at least 125 percent of the Federal Poverty Guidelines for the years with which the district court dealt.

We review a district court's ruling on summary judgment de novo. *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014).

Ayla Erler argues her Turkish pension does not qualify as income because (1) it is non-taxable for the purposes of federal income tax reporting, pursuant to a treaty between the United States and Turkey, (2) the pension payments are deposited into a bank account in Turkey and remain in Turkey, and (3) the couple did not list this asset on Form I-864, Part 7, in 2009 to show that Yashar Erler's household income would be sufficient to sponsor her.

First, Ayla Erler cites to 8 C.F.R. § 213a.2(c) to support her argument that income not subject to federal taxation cannot be included in calculating her income post-separation from Yashar Erler. Section § 213a.2(c), however, applies only to determine whether a sponsor's household income is sufficient to sponsor an immigrant, not to calculate the sponsored immigrant's income post-separation.

Second, income paid into, or held in, an account outside the United States is not necessarily excluded from the sponsored immigrant's income, and Ayla Erler does not cite binding or persuasive authority to support her argument. The value of her Turkish pension payments is known and quantifiable, and she has not argued that she cannot control the payments or make them available for her support should she choose to do so, rather than allowing her adult daughter in Turkey to use the funds to pay the daughter's living expenses.

Third, the Erlers' decision not to list her Turkish pension on Form I-864, Part 7, does not mean that her Turkish pension is excluded from her income post-separation. Like § 213a.2(c), Form I-864 is used to determine whether a sponsor's household income is sufficient to sponsor an immigrant, not to calculate the sponsored immigrant's income post-separation. In fact, the instructions to Form I-864 instruct applicants to "[o]nly complete Part 7. if you need to use the value of assets to meet the income requirements" because the sponsor's income would not

be sufficient to meet the requirements to be a sponsor. Form I-864 Instr. pg. 9. Yashar Erler's household income in 2009 was sufficient to meet the requirements.

Ayla Erler argues that food stamps are non-taxable for the purposes of federal income tax reporting, so they should not qualify as income to her, and that reducing Yashar Erler's liability by the value of the food stamps would result in a windfall for him. Means-tested public benefits, such as food stamps, are income to the recipient even if they are non-taxable for the purposes of federal income tax reporting. This does not result in a windfall for the sponsor. Section 1183a creates a requirement for the entity providing the public benefits to seek reimbursement from the sponsor for the value of the benefits provided to the sponsored immigrant. § 1183a(b)(1)(A) ("Upon notification that a sponsored alien has received any means-tested public benefit, the appropriate nongovernmental entity which provided such benefit or the appropriate entity of the Federal Government, a State, or any political subdivision of a State shall request reimbursement by the sponsor in an amount which is equal to the unreimbursed costs of such benefit.").

The value of Ayla Erler's Turkish pension and the value of the food stamps she received after the couple separated are income to her that offsets Yashar Erler's financial liability under 8 U.S.C. § 1183a.

**AFFIRMED.**

4